**FILED**

FEB 2 3 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Trazell I, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case: 1:15-cv-00265 (F Deck) |
| v. | ) | Assigned To : Unassigned |
| | ) | Assign. Date : 2/23/2015 |
| Esprinto LLC, *et. al.*, | ) | Description: Pro Se Gen. Civil |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

1

Plaintiff, a District of Columbia resident, has submitted a "Civil Complaint in Chancery" against a business in the District of Columbia. Plaintiff seeks $45,000.50 in monetary damages. In the one-page complaint, plaintiff states that the business violated "plaintiff's religious rights" and that the defendant-owner did not rebut a claim notice allegedly mailed in June 2013 about "the discriminatory practices by [the business's] agent . . . toward the plaintiff abrogating his aboriginal rights."

Plaintiff invokes 42 U.S.C. § 1983, but that statute authorizes a private cause of action against individuals who violate constitutional rights while acting under the authority of a state or the District of Columbia. Nothing in the sparsely worded complaint suggests that the named private defendants are subject to liability under § 1983. Regardless, plaintiff has not stated any facts to support his legal conclusions and, thus, has not provided adequate notice of a claim. *See Iqbal*, 556 U.S. at 678 (A complaint "that offers labels and conclusions . . . [or] naked assertions devoid of further factual enhancement" does not suffice to satisfy Rule 8's pleading requirement) (citations, internal quotation marks and alterations omitted). A separate Order of dismissal accompanies this Memorandum Opinion.

Date: February 18, 2015

_____
United States District Judge

2